UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cr-00131-FDW-DCK-4

| | |
|---|---|
| JOSEPH MICHAEL VASSEY, ) | |
| Petitioner, ) | |
| vs. ) | **O R D E R** |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court for an initial screening of Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Doc. 1].

## I. PROCEDURAL BACKGROUND

On June 16, 2020, Petitioner Joseph Michael Vassey ("Petitioner") pleaded guilty to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 and one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). [Doc. 25: Bill of Indictment; Doc. 47: Plea Agreement; 6/16/2020 Minute Entry]. On August 16, 2021, this Court sentenced Petitioner to terms of imprisonment of 140 months on each count, to run concurrently. [Doc. 110 at 2: Judgment]. Judgment was entered on August 27, 2021. [Id.]. Petitioner did not file a direct appeal. As such, Petitioner's conviction became final for purposes of seeking relief under § 2255 on September 10, 2021, when his deadline to appeal expired. Fed. R. App. P. 4(b)(1)(A); see United States v. Clay, 537 U.S. 522, 524-25 (2003) (when a defendant does not appeal, his conviction becomes final when the opportunity to appeal expires). Petitioner, however, did not

file the pending motion to vacate until March 15, 2024 [see Doc. 130 at 12], nearly two and a half years later.

## II.     DISCUSSION

Petitioner's Section 2255 motion appears to be untimely.  Section 2255 imposes a one-year statute of limitations period for the filing of a motion to vacate:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, as noted, Petitioner's conviction became final for purposes of Section 2255(f) on September 10, 2021, when his deadline to appeal expired.  Accordingly, the one-year period of limitations under Section 2255 expired on Monday, September 12, 2022.  See 28 U.S.C. § 2255(f)(1).  Petitioner did not mail his Section 2255 motion to vacate until March 15, 2024.

In his petition, Petitioner contends without argument that his "motion is timely."  [Doc. 130 at 11].  The Court will grant Petitioner 20 days in which to explain why his petition should not be dismissed as untimely, including any reasons why equitable tolling[1] should apply.  See Hill

---

[1] To be entitled to equitable tolling, "an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on

2

Case 3:20-cr-00131-FDW-DCK   Document 132   Filed 04/05/24   Page 2 of 3

v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); United States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008) (remanding to district court pursuant to Hill for determination of timeliness of Section 2255 petition).

## III. CONCLUSION

Because it appears that Petitioner's Section 2255 petition is time barred, the Court will grant Petitioner twenty (20) days in which to provide an explanation as to why the Section 2255 petition should not be dismissed as untimely, including any reasons why equitable tolling should apply.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner shall have twenty (20) days from entry of this Order in which to explain to the Court why his Section 2255 Motion to Vacate should not be dismissed as untimely. The failure to timely comply with this Order may result in dismissal of the petition without further notice to Petitioner.

**IT IS SO ORDERED.**

Signed: April 4, 2024

Frank D. Whitney
United States District Judge

---

time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), cert. denied, 541 U.S. 905, 124 S. Ct. 1605 (2004)). A petitioner must show he has been "pursuing his rights diligently." Holland v. Florida, 560 U.S. 631, 649 (2010). Further, equitable tolling is limited to "rare instances – where due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)).