UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cr-00131-FDW-DCK-4

| | |
|---|---|
| JOSEPH MICHAEL VASSEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's Response [Doc. 143] to the Court's Braxton Order [Doc. 132].

## I. PROCEDURAL BACKGROUND

On June 16, 2020, Petitioner Joseph Michael Vassey ("Petitioner") pleaded guilty to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 and one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). [Doc. 25: Bill of Indictment; Doc. 47: Plea Agreement; 6/16/2020 Minute Entry]. On August 16, 2021, this Court sentenced Petitioner to terms of imprisonment of 140 months on each count, to run concurrently. [Doc. 110 at 2: Judgment]. Judgment was entered on August 27, 2021. [Id.]. Petitioner did not file a direct appeal. As such, Petitioner's conviction became final for purposes of seeking relief under § 2255 on September 10, 2021, when his deadline to appeal expired. Fed. R. App. P. 4(b)(1)(A); see United States v. Clay, 537 U.S. 522, 524-25 (2003) (when a defendant does not appeal, his conviction becomes final when the opportunity to appeal expires).

On March 15, 2024, Petitioner filed the pending motion to vacate until March 15, 2024 [see Doc. 130 at 12], nearly two and a half years after his conviction became final. Because Plaintiff's motion to vacate appeared untimely, the Court ordered Plaintiff to explain why it should not be dismissed, including any reasons why equitable tolling should apply. [Doc. 132 at 2-3]. After the Court granted three extensions of time to comply with its Order, Plaintiff's response is now before the Court. [4/29/2024, 6/7/2024, and 7/3/2024 Text Orders; Doc. 143].

## II. DISCUSSION

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, as noted, Petitioner's conviction became final for purposes of Section 2255(f) on September 10, 2021, when his deadline to appeal expired. Accordingly, the one-year period of limitations under Section 2255 expired on Monday, September 12, 2022. See 28 U.S.C. §

2255(f)(1). Petitioner did not mail his Section 2255 motion to vacate until March 15, 2024.

In his response to the Court's Braxton Order, Petitioner argues that equitable tolling applies to save his motion to vacate. [Doc. 143 at 1]. To be entitled to equitable tolling, "an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), cert. denied, 541 U.S. 905, 124 S. Ct. 1605 (2004)). A petitioner must show he has been "pursuing his rights diligently." Holland v. Florida, 560 U.S. 631, 649 (2010). Further, equitable tolling is limited to "rare instances – where due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)).

Petitioner argues that the limitations period should be equitably tolled "due to the extremely harsh conditions resulting from COVID-19 restricting his ability to access legal assistance and/or a law library." [Doc. 143 at 2; see id. at 7]. Petitioner vaguely contends that these "harsh conditions … created circumstances external to [his] own conduct that prevented him from making a timely filing." [Id. at 3]. That is, limiting the spread of the virus with prisons "required extreme restrictions on prisoners' movements and visits." [Id. at 6]. Petitioner asserts that his medical conditions made him "especially vulnerable to the most serious effects of COVID-19." [Id. at 6]. Petitioner also argues that denying him the benefit of the "recognition … that the 10 to 1 ratio incorporated into the United States Sentencing Guidelines between actual meth versus a mixture of meth is unfounded" would be unconscionable. [Id. at 7].

The Court finds that Petitioner has failed to meet the strict requirements for equitable

3

tolling. That is, Petitioner has not shown with any particularity or specificity that he was prevented from timely filing his motion to vacate. Rather, he vaguely points to lockdown conditions imposed due to the COVID-19 pandemic. While the pandemic certainly disrupted prison operations and procedures and resulted in lockdowns and precautions that further restricted prisoners' movements, Petitioner has not shown that he was prevented from filing his motion to vacate on time or that he was diligently pursuing his rights. Instead, Petitioner waited a year and a half <u>after</u> the deadline had expired to file his motion. Equitable tolling is not available under these circumstances.

As such, Petitioner's claim is untimely under § 2255(f) and he has not shown that equitable tolling should apply. The Court will, therefore, dismiss Petitioner's motion to vacate.

### III. CONCLUSION

For the reasons stated herein, Petitioner's Section 2255 motion is untimely and is denied and dismissed.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. <u>See generally</u> 28 U.S.C. § 2253(c)(2); <u>see also</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (<u>citing</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. <u>Slack v. McDaniel</u>, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. <u>See</u> Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [Doc. 130] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: July 15, 2024

Frank D. Whitney
United States District Judge